UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 06-488M |
| ) | |
| Plaintiff, ) | |
| ) | ORDER DENYING SECOND |
| v. ) | STIPULATED MOTION |
| ) | TO EXTEND TIME |
| CHRISTOPHER MARK WILLIAMS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

On November 7, 2006, the parties to the above-captioned matter filed a Stipulated Motion to Extend Time to File Indictment. Dkt. No. 14. The motion argues that granting a continuance would enable the parties to continue their plea negotiations to resolve this case without trial. In addition, the proposed stipulated order states that granting the continuance will satisfy the "ends of justice" by providing the parties additional time to prepare for their case. Dkt. No. 14.

Congress, however, "did not intend the 'ends of justice' exclusion to be granted as a matter of course but rather [intended it] to be used sparingly and only when necessary." *United States v. Lewis*, 980 F.2d 555, 560 (9th Cir. 1992) (internal citations omitted). Hence, an "ends of justice" exclusion may be granted only for a specific duration when "justified by the record with reference to the facts." *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1154

ORDER DENYING STIPULATED
MOTION TO EXTEND TIME
PAGE -1

(9th Cir. 2000) (internal citations and punctuation omitted). Generalized assertions that the "ends of justice" will be satisfied by the granting of a continuance are insufficient. *Id.* at 1154-55.

Here, the parties have provided no evidence, nor adduced any facts from the record sufficient to justify granting a continuance. Rather, they have simply alleged, without explaining in reference to specific facts, that more time would enable them to prepare more thoroughly. In doing so, the parties have simply regurgitated the exact same language used in the their first stipulated motion to extend time to file the indictment. *Compare* Dkt. No. 14, *with* Dkt. No 10. These reasons are insufficient to justify a continuance. Moreover, an ongoing plea agreement negotiation is not a factor sufficient for this Court to find that granting a continuance will satisfy the "ends of justice." *Id.* at 1155-56 (citing *United States v. Perez-Reveles*, 715 F.2d 1348, 1352 (9th Cir. 1983)). The parties' motion is therefore DENIED.

DATED this 8th day of November, 2006.

/s/ James P. Donohue

JAMES P. DONOHUE
United States Magistrate Judge